No. 31,083.

Ralph N. Marble, *Appellant,* v. The Western Machinery Company, Charles L. Stanfield and L. A. Stanfield, *Appellees.*

(20 P. 2d 628.)

Opinion filed April 8, 1933.

W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs and Robert H. Nelson, all of Wichita, for the appellant.

P. D. Gardiner, O. W. Helsel, R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilliston, George C. Spradling and Henry V. Gott, all of Wichita, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one by a dissatisfied minority stockholder to wind up the affairs of a solvent business corporation and for appointment of a receiver as means to that end. The petition prayed for immediate appointment of a receiver, and a hearing was had on application for appointment of a receiver before issues had been joined. The court sustained a demurrer to the evidence offered by plaintiff in support of the application. Plaintiff appeals.

Conceding, but not deciding, that the demurrer should have been overruled and that the order sustaining the demurrer is an appealable order, the only ruling this court could make would be that the court erred and the cause should be remanded with direction to overrule the demurrer. The case would then be back in the district court with all the power which a court of equity has to exercise discretion and, after a full hearing, to do what ought to be done.

While the journal entry recites flat denial of the application for appointment of a receiver, the record of the proceedings discloses the court had no purpose to end the case and deny equitable relief. On the other hand, the court urged upon the parties a speedy final hearing, and indicated the course the court desired to pursue. This course included remedy for past mismanagement, correction of policy and of abuses of power in management, and supervision by the court over management, to the end the interests of all stockholders might be protected and promoted without extinguishing corporate life.

As indicated, all this court could do would be to reverse the order sustaining the demurrer. This court cannot direct the district court to appoint a receiver on plaintiff's evidence only, and this court cannot direct the district court not to resort, in its sound judicial discretion, to less drastic remedies in an effort to save the corporation. Since, therefore, this court lacks authority to make an efficacious order respecting the merits, the appeal is dismissed.